UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 19-cr-10197-RGS |
| ) | |
| ANTHONY SMALLWOOD, ) | |
| ) | |
| Defendant ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

From March 13, 2019 through May 10, 2019, the defendant, Anthony Smallwood, made four separate fentanyl sales totaling over 239 grams to a cooperating witness for the government in Boston.[1] On September 11, 2019, a federal grand jury returned a Superseding Indictment charging the defendant with four counts of distribution and possession with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi). Docket No. 28. On January 22, 2020, the defendant pled guilty to the four-count Superseding Indictment. Docket No. 44. These charges provide for a five-year mandatory minimum sentence. The defendant is not safety-valve eligible under 18 U.S.C. § 3553(f), and therefore, this Court may not impose a sentence below five years, or 60 months. Additionally, the term of supervised release imposed must be no less than four years. Based on the drug quantity and the defendant's criminal history, CHC VI, the defendant's guidelines sentencing range is 92 – 115 months. There is no plea agreement in this case.

The government recommends a sentence of 100 months imprisonment and a term of supervised release of five years.

---

[1] The defendant also provided a sample of .5 grams of crack cocaine to the cooperating witness.

I.   ADVISORY SENTENCING GUIDELINES

The Presentence Report prepared by the United States Probation Office ("USPO"), ("PSR"), found that the defendant was accountable for 239.1 grams of fentanyl and .5 grams of crack cocaine. PSR ¶ 31. The defendant's base offense level for that quantity of drugs is 26 and is reduced three levels to 23 given the defendant's timely acceptance of responsibility. PSR ¶¶ 32, 39-41. Given the defendant's criminal history, he is not eligible for the safety-valve under 18 U.S.C. § 3553(f), and therefore, the Court must impose a sentence of imprisonment of no less than five years and a term of supervised release no less than four years. PSR ¶¶ 109, 112. The defendant has a total criminal history score of 14, which places him in Criminal History Category VI. PSR ¶¶ 54-55. The defendant's advisory guideline sentencing range ("GSR") is 92 – 115 months. PSR ¶ 110. The government agrees with the USPO's assessment regarding the applicable mandatory minimums, offense level, criminal history, and advisory GSR.

II.   SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

Consideration of the § 3553(a) factors demonstrates that a sentence of 100 months imprisonment and five years of supervised release is sufficient, but not greater than necessary, to meet the goals of sentencing.

A.   <u>Nature of the Offense</u>

The defendant sold a substantial amount of fentanyl, 239 grams, to a cooperating witness in this case. Fentanyl is a deadly drug that has wreaked havoc in the United States, and more specifically in Massachusetts, over the past several years. Fentanyl remains the primary driver behind the ongoing opioid crisis, with fentanyl involved in more overdose deaths than any other

illicit drug."[2]  Fentanyl's availability and lethality have increased while heroin continues to maintain a significant presence in the U.S. drug market.[3]  In the United States, synthetic opioids (such as fentanyl) were involved in 59.8% of all opioid-involved overdose deaths in 2017.[4]

Massachusetts has been one of the states hardest hit by the opioid crisis and has been among the top five states with the highest rates of opioid-related overdose deaths.[5]  In 2018, about 88% of drug overdose deaths in Massachusetts involved at least one opioid.[6]  "Fatalities involving synthetic opioids other than methadone (mainly fentanyl and fentanyl analogs) . . . were involved in more than 90% of all opioid-involved deaths."[7]  These statistics are not hypothetical – they describe the opioid overdose crisis occurring right now in this District.  The epidemic is real and being felt every day by families across Massachusetts and New England.  The defendant's crimes played a role in fueling this epidemic.

### B. History and Characteristics of the Defendant and Protection of the Public

Despite the defendant's relatively young age, he has a lengthy criminal history, including convictions for offenses involving guns, knives, violence, and physical force.  PSR ¶¶ 45, 47, 48, 50, 51, 53.  Perhaps most troubling are his crimes involving violence and threats against his girlfriend and the mother of his children.  Over the course of their relationship, witnesses have reported that the defendant has thrown car keys at her head, vandalized her home, driven by her

---

[2] U.S. Department of Justice Drug Enforcement Administration, *2019 National Drug Threat Assessment*, available at https://www.dea.gov/documents/2020/01/30/2019-national-drug-threat-assessment, at p. 9 (last visited December 3, 2020) (hereinafter "DEA 2019 Assessment").
[3] *Id.* at 10.
[4] Lawrence Schol, Puja Seth, Mbabazi Kariisa, Nana Wilson, Grant Baldwin, *Drug and Opioid-Involved Overdose Deaths – United States, 2013-2017,* Morbidity and Mortality Weekly Report (January 4, 2019), Centers for Disease Control and Prevention, available at https://www.cdc.gov/mmwr/volumes/67/wr/mm675152e1.htm?s_cid=mm675152e1_w (last visited on December 3, 2020).
[5] DEA 2019 Assessment at 13-14.
[6] National Institute on Drug Abuse, *Opioid-Related Overdose Deaths* (Revised March 2019), available at www.drugabuse.gov/drugs-abuse/opioids/opioid-summaries-by-state/massachusetts-opioid-summary (last visited on December 3, 2020).
[7] *Id.*

home and repeatedly pointed a gun at her step-father, smashed her phone, and attempted to hit her with his vehicle.  PSR ¶ 87.  In 2013, the defendant was convicted for assault and battery with a dangerous weapon after an incident involving his girlfriend.  PSR ¶¶ 53, 87.  When police responded, she stated that the defendant had put a gun to her head, punched, kicked, and choked her.  PSR ¶ 53. The defendant threatened to kill her, and when the police arrived, they recovered the firearm.  The defendant denied putting the gun to her head but admitted to putting a knife to her head.  *Id.*  The defendant's lengthy criminal history and the nature of his crimes weigh in favor of imposing a significant sentence of imprisonment.

### C. Specific and General Deterrence

A significant sentence of imprisonment is warranted to deter others from becoming involved in any way, role, or capacity in the trafficking of fentanyl as the dangers associated with this deadly drug cannot be overstated.  Individuals tempted to engage in drug trafficking must understand that *any* involvement with fentanyl, no matter how minimal, will have immediate and harsh consequences.  Imprisonment is necessary to send a strong warning to others who might otherwise consider possessing or distributing this deadly drug.

Considerations of specific deterrence also support the imposition of a sentence of 100 months.  The defendant has shown a propensity to reoffend once released.  His criminal history is full of instances in which courts imposed probation or suspended a sentence, only to have the defendant commit additional crimes while on release.  PSR ¶¶ 45-47, 49, 52.  The number of probation violations shows the defendant's willingness to reoffend even while under court-ordered probation.  Moreover, his criminal history, when considered with his current crimes of conviction, show someone who has not reformed his life.  Despite numerous periods of incarceration and probation, the defendant still chose to traffic fentanyl.  A significant sentence

of imprisonment is necessary to deter the defendant from ever again trafficking fentanyl or any other drug. A five-year term of supervised release is also appropriate here to provide the defendant with the necessary supervision and support after his release so that he can avoid reoffending.

### III. CONCLUSION

The government's sentencing recommendation takes into account the various factors set forth in § 3553(a), the statutory mandatory minimums, and the sentencing guidelines. The United States recommends a sentence of 100 months imprisonment and five years of supervised release.

December 3, 2020

Respectfully submitted,

ANDREW E. LELLING,
United States Attorney

By: /s/ Stephen W. Hassink
Stephen W. Hassink
Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have served this sentencing memorandum on all appropriate parties through electronic filing via ECF on December 3, 2020.

/s/ Stephen W. Hassink
Stephen W. Hassink
Assistant U.S. Attorney