UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:19-cr-10197-RGS |
| | ) | |
| | ) | |
| ANTHONY SMALLWOOD | ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

**I.       Introduction**

The more than 18 months Anthony Smallwood has spent in jail since his arrest on May 22, 2019 is already the longest period of incarceration in his life. His longest prior sentence was 18 months, from which he was released four years before the commission of this offense. He now faces a mandatory minimum sentence of five years, which if imposed would be the longest period of incarceration he has ever suffered, by far.

At this point in his life, a five-year sentence for Anthony Smallwood will be a significant, but proportional increase in punishment. Five years of incarceration for this now 30-year-old father of two will satisfy the purposes of sentencing under 18 U.S.C. § 3553(a), including just punishment, deterrence, and protection of the public from further crimes of the defendant. Under all the required sentencing factors, 60 months incarceration adheres to the parsimony principle, that the sentence be "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). Put another way, a sentence of five years in federal prison and four years of supervised release can fairly be

1

described as "*minimally* sufficient to achieve the broad goals of sentencing." *United States v. Rodriguez*, 527 F.3d 221, 228 (1st Cir. 2008) (emphasis added).

**II.    The advisory guidelines range is driven by Mr. Smallwood's criminal history, which occurred primarily when he was a teenager.**

The defense agrees that the probation department has calculated the advisory guidelines range correctly at 92-115 months. PSR ¶ 110. The offense level is determined by the drug weight of four controlled buys, without any enhancements. PSR ¶¶ 31-41. The government argues the dangers of fentanyl in its sentencing memorandum, but the Sentencing Commission has already accounted for that danger by treating fentanyl more harshly than other substances, including cocaine and heroin. Mr. Smallwood committed a serious crime, but without the presence of violence, threats, or weapons. The defense submits that the seriousness of the offense conduct is already well-considered by the guidelines.

Mr. Smallwood is in Criminal History Category VI primarily as a result of a series of offenses that occurred when he was 18 and 19-years-old. Six of the eight convictions which receive criminal history points occurred in a fifteen-month period between March 7, 2009 and May 30, 2010. PSR ¶¶ 45-50. One additional offense occurred in 2012 when he was 21, a conviction for Resisting Arrest which resulted in a six month term of probation that was extended once but terminated without incarceration. PSR ¶ 51.

The six convictions that occurred when Mr. Smallwood was a teenager resulted in only two periods of incarceration. In July 2009, four cases resulted in the imposition of concurrent six-month sentences. PSR ¶¶ 45-48. Those four convictions score as six criminal history points even

2

though the sentencing judge determined that the four cases together justified a single six-month sentence, which would normally result in only two criminal history points. Id. In September 2010, two cases resulted in concurrent nine-month sentences. PSR ¶¶ 49-50. Those two cases receive a total of four criminal history points, even though a single nine-month sentence would normally receive only two points. As a result, Mr. Smallwood receives a total of 10 criminal history points from cases that resulted in two relatively short periods of incarceration- one for six months and one for nine months.

Furthermore, these six cases occurred in 2009 and 2010, ten and nine years before the commission of the present offense. Although the offenses are within the applicable 10-year time period, they are old enough that they do not provide the Court with particularly recent information about Mr. Smallwood's current functioning and mindset. Those offenses also bear no similarities to the present drug offense. These six convictions are the driving force behind Mr. Smallwood's advisory guidelines range even though they resulted in two short sentences, were committed at least nine years before the present offense, were committed when he was a teenager, and are of a different kind than the present offense. Mr. Smallwood's entire criminal history is certainly relevant at sentencing, but an accurate reading of it shows that it is overstated within the meaning of USSG §4A1.3(b). The Court should consider the staleness, age of commission, sentences imposed, and differences from the present offense both as grounds for a downward departure within the meaning of the guidelines and as downward variance under 18 U.S.C. § 3553(a). Ultimately Mr. Smallwood's criminal history shows that it is not *necessary* incarcerate him for longer than the mandatory minimum of 60 months.

Mr. Smallwood's most serious prior conviction, and the one which stands out from the others discussed above, is a conviction for possession of a firearm and assault and battery with a dangerous weapon from 2013. PSR ¶ 53. The conviction resulted in an 18-month sentence and rightly scores three criminal history points. Id. The offense involved Mr. Smallwood's girlfriend, as did some of the older offenses discussed above. However, Mr. Smallwood was released from that sentence on March 6, 2015, and in the four years until his arrest in this case there were no additional charges or restraining orders involving his girlfriend. His girlfriend spoke to the presentence report writer and acknowledged the violence in their past. PSR ¶ 88. She remains supportive though, noting that he is a good father and that she looks forward to the day when the two of them and their children can be together as a family again. Id.

### III. Anthony Smallwood has shown he is capable of change, and his supportive family will give him the opportunity to make the change lasting.

Although Anthony Smallwood was raised by a loving family, his behavior during his younger years bears the imprint of his birth. His two sisters both vividly remember when a social worker brought Anthony to their home as infant, born premature to an addicted mother. Exhibit A, Letters of Joyce Smallwood-Dailey, Angela Smallwood. In the first days of his life, he suffered painful withdrawal from the heroin and cocaine to which his birth mother was addicted. Id. His condition was so serious that it required medical intervention. Exhibit A, Letter of Angela Smallwood.

It is hard to ignore the likelihood of a connection between his impaired development and the behavior and educational difficulties he displayed as a child. He repeated the 8th grade, and

recalls that it was because he did not do homework, but that is likely not the entire reason. PSR ¶ 97. At least as early as 13 he had behavior problems in school, where he was suspended for carrying a knife, and at home, where he was arrested after attempting to bite his sister. PSR ¶¶ 43, 97. Throwing a pencil and attempting to bite a sibling are not normally grounds to arrest a 13-year-old, but at the time his mother believed he was out of control and did not know how to help him. PSR ¶ 43. This incident ultimately led to a commitment to the Department of Youth Services for several years, which in hindsight was also not able to help him. PSR ¶ 76. Sadly, it was during this time that he was separated from his family as a young teenager that his father passed away. PSR ¶ 75. Understandably, his father's death had a particularly profound effect on him given the circumstances.

The volatility of Mr. Smallwood's teen years is also intimately connected to his relationship with his girlfriend, who is the mother of their two children. PSR ¶ 85. They have known each other since they were 13, and have been together for 15 years. PSR ¶¶ 85-88. His girlfriend has acknowledged the turbulence and violence of their past. Yet through it all, their relationship is intact despite his imprisonment. PSR ¶ 88. As discussed above, his incarceration following the 2013 incident appears to have precipitated a change. For four years after his release, there were no more difficulties in this relationship. This marked difference shows that Anthony Smallwood is capable of change.

That change must now become more extensive and lasting. He made a terrible decision to commit the present offense, and he is paying a terrible price. Yet he has accepted responsibility even beyond pleading guilty. He has shared his regrets and remorse with his family. He has acknowledged his poor choices to his sister. Exhibit A. Exhibit A, Letter of Joyce Smallwood-

Dailey.  He has expressed shame at the pain his absence is causing his children. Exhibit A, Letter of Loretta Carson. His nephew believes in his ability to learn from this offense and sentence. Exhibit A, Letter of Brandon Dailey.

The length of sentence Mr. Smallwood must now serve is significantly longer than anything he has experience before. That appears to have gotten his attention, and caused sincere reflection. He has written frankly about his shame at "selling poison to my community after knowing what it does to people." Exhibit B, Letter of Anthony Smallwood. This entire experience has prompted him to consider how he got here. Exhibit A, Letter of Angela Smallwood.

Prison alone will not get him out of the place from which he committed this offense. His extensive, supportive, and stable family will be there to welcome him upon release. He will also have the stricter supervision and better resources of federal probation, compared to what was available while he was on state probation. Because there is some evidence of possible deficits stemming from the circumstances of his birth, Mr. Smallwood recommends a special condition of probation requiring him to undergo a mental health evaluation and treatment as directed.

IV. **The sentencing factors of 18 U.S.C. § 3553(a) support a sentence of 60 months incarceration and four years of supervised release.**

The sentencing factors of § 3553(a) begin with the nature and circumstances of the offense. 18 U.S.C. § 3553(a)(1). Mr. Smallwood has accepted responsibility for his offense and acknowledges its severity. The presentence report fairly describes the offense conduct. PSR ¶¶ 7-25. The defense submits that there are no aggravating or mitigating factors within the nature and circumstances of the offense that call for a sentence outside of the advisory guidelines range.

The second prong of § 3553(a)(1), the history and characteristics of the defendant, have been addressed above. Mr. Smallwood's involvement with the courts began at 13 and led to the separation from his family as a teenager, including at the time of his father's passing. The frequency of his offenses were concentrated during his youth and have decreased as he has aged.

The defense believes that 60 months incarceration for this defendant in this case fairly addresses the various factors that inform the "need for the sentence imposed" under § 3553(a)(2). A sentence that is more than triple any prior sentence imposed on Anthony Smallwood reflects the seriousness of the offense, promotes respect for the law, and provides both just punishment and adequate deterrence. 18 U.S.C. § 3553(a)(2). The qualitative difference between incarceration in a county house of corrections and a federal prison also accomplishes these goals. Upon Mr. Smallwood's designation, he will be transferred to a facility far from his family. His experience will be significantly more difficult in federal prison than in a county house of corrections. These differences constitute just punishment and provide adequate deterrence. Fortunately, the "needed vocational [and] educational training" are much more available in the Bureau of Prisons than in underfunded county houses of correction, accomplishing another goal of § 3553(a)(2).

Whatever sentence Anthony Smallwood receives, he has a long way to go before his release. His history in the 18-months since his arrest suggests he will make good use of his time, as he has received no disciplinary reports. PSR ¶ 4. When he is released, he has good prospects for success. For four years prior to this arrest he worked regularly, which clearly contributed to his lack of criminal involvement during that time. PSR ¶ 100. He has a large, supportive family

who have pledged to assist him in his transition. Exhibit A. He will be motivated by the pain of this extended separation from his children. Exhibits A, B.

V. **The guidelines do not account for the increased punishment of incarceration during a pandemic, and so the Court should account for it through a downward variance.**

For the last nine months, Mr. Smallwood has served a form of incarceration that has been qualitatively more severe than designed. Imprisonment in normal circumstances allows inmates to move about within the facility for recreation and programming. Normal circumstances allow for regular visits, both with family and with attorneys. None of that has been possible during the pandemic because the paramount concern behind the walls of a prison has been to maintain as much separation between inmates as possible to slow the spread of the virus. Within the Bureau of Prisons, the pandemic has meant suspending nearly all inmate transfers and restricting inmates to their units or cells for the great majority of each and every day for many months.

The restrictions that penal facilities have put in place to try to slow the spread of the virus make sense. But they also significantly tip the quality of incarceration away from rehabilitation further towards punishment. Mr. Smallwood and all other inmates have been deprived of recreation and rehabilitation opportunities. They have generally been confined to their units, and at times to their cell, for extended periods of time.

These harsher conditions, which still await him for the foreseeable future given the rise in COVID-19 cases nationwide, are a valid consideration in deciding whether to impose a shorter sentence. *See United States v. Spano*, 476 F.3d 476, 479 (7th Cir. 2007). The conditions of confinement have made his sentence "undoubtedly . . . harsher than the one originally

contemplated..." *United States v. Olawoye*, __ F.Supp.3d ___ , 2020 WL 4559816, *5 (D. Ore. Aug. 7, 2020). In a recent compassionate release case, Judge Gorton accepted this principle by holding that a two-week confinement in quarantine in a higher security facility is equivalent to two months in a camp. See *United States v. MacFarlane,* 438 F.Supp.3d 125, 127 (D.Mass. 2020). Because the guidelines do not account for this increased punishment, the Court should account for it through a downward variance.

### VI.   Conclusion

Anthony Smallwood accepted responsibility and pled guilty knowing full well that he would be serving the longest sentence of his life by far. The severity of the consequences he now faces have prompted a sincere examination of the poor choices of his past. The unprecedented circumstances of a global pandemic have made that examination even more painful. Given all these factors, the circumstances of his prior offending, and the readiness of his family to help him make meaningful, lasting change, this Court need not sentence him beyond the five years incarceration and four years supervised release required by the statute. For this particular defendant in this particular case, such a sentence is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a).

Respectfully submitted,
ANTHONY SMALLWOOD
by his attorney

*/s/ Joshua Hanye*
Joshua Hanye, BBO#661686
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061

**Certificate of Service**

I, Joshua Hanye, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants.

Date: December 7, 2020                                                         */s/ Joshua Hanye*
                                                                                                            Joshua Hanye